C. L. JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BERNICE K. BULLARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7565, 7566.    Promulgated June 21, 1927.

The March 1, 1913, fair market price or value of 6,500 acres of land sold in 1919 determined.

*J. L. O'Connor, Esq.,* for the petitioners.
*Henry Ravenel, Esq.,* for the respondent.

These are proceedings for the redetermination of deficiencies in income tax in the case of C. L. Johnson for the year 1919 in the amount of $1,770.40, and in the case of Bernice K. Bullard for the year 1919 in the amount of $999.06, and for the year 1920 in the amount of $2,099.69. The cases have been consolidated for the purpose of decision. The point in issue with respect to the year 1919 is the fair market price or value on March 1, 1913, of a certain tract of land sold in 1919, and with respect to 1920 whether the petitioner is entitled to make a return on the installment basis of profit on the sale of a tract of land in 1920.

FINDINGS OF FACT.

Prior to March 1, 1913, C. L. Johnson, Bernice K. Bullard, and B. F. Bullard acquired by purchase 8,117 acres of land in Polk County, Florida. The cost of the land was less than its fair market value as of March 1, 1913. The land was sold in 1919 for $172,567.95. Each petitioner, being the owner of an undivided one-third interest in the land, was entitled to one-third of the profit derived from the sale thereof. In their income-tax returns for the year 1919, petitioners claimed that the fair market value of the land as of March 1, 1913, was at the rate of $20 per acre and computed the gain derived by each from the sale by taking one-third of the difference between the net selling price and the March 1, 1913, value assumed to be $20 per acre. The respondent conceded the March 1, 1913, value claimed by the petitioners as to 1,617 acres of the land but determined the March 1, 1913,

value of the remaining 6,500 acres of the land situated in township 29 south, range 28 east, Polk County, Florida, to be $17 per acre instead of $20 per acre as claimed by the petitioners and such determination resulted in increasing the net income of each petitioner in the amount of $6,500.

The 8,117 acres of land in question was on March 1, 1913, unimproved land, portions of it being covered with a growth of pine trees, part of which had been turpentined. This tract of land was valuable for the growing of citrus fruit and was in an orange-grove section. The land was more valuable for the growing of oranges than for anything else. Wild lands in this section had begun to attract land dealers and buyers along about 1912. There was a marked increase in the value of these lands between 1905 and 1913. In March, 1912, the Atlantic Coast Line was engaged in building a line from Haines City to Sebring, and the town of Lake Wales was just starting during that year. A tract of 360 acres in section 36, township 29 south, range 27 east, was sold in 1912, a part for $20 per acre and another part for $25 per acre. There were a number of other sales in the general locality of the tract here in question in 1912 or 1913 at about the same prices. Lands just west of the 8,117 acre tract in question were purchased in 1912 for $20 and $25 per acre and sold in 1913 in tracts of 10 acres and 20 acres from $60 to $125 an acre.

The fair market price or value on March 1, 1913, of the 8,117 acres of land was $20 per acre.

On April 16, 1920, Bernice K. Bullard sold 2,000 acres of land to I. A. Yarnell for a total consideration of $327,259.03, receiving in payment therefor $67,259.03 in cash and 4 promissory notes, each in the amount of $65,000, due one, two, three, and four years after date, as the balance of the purchase price of the lands. In computing his income tax for the year 1920, Bernice K. Bullard paid an income tax on the whole profit derived from the sale.

### OPINION.

Smith: At the hearing of these cases it was admitted by counsel for the respondent that section 1208 of the Revenue Act of 1926 was applicable in the determination of the tax liability of Bernice K. Bullard for the year 1920, and that his tax liability for that year should be computed upon the basis of an installment transaction.

The only other question in issue is the March 1, 1913, fair market price or value of the 8,117 acre tract of land, a one-third undivided interest in which was owned by each of the petitioners, which tract was sold in 1919. The respondent has conceded a value of $20 per acre for a portion of the tract but has determined the fair market

price or value on March 1, 1913, of the balance of the tract, amounting to 6,500 acres, at $17 per acre instead of the claimed value of $20 per acre.

Five persons well qualified to give an opinion as to the value of the land on March 1, 1913, have deposed that the fair market price or value of the entire track was at least $20 per acre. We are of the opinion that the fair market price or value on the basic date was $20 per acre.

*Judgment will be entered on 10 days' notice, under Rule 50.*